UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

MARTIN HUARTE, and other similarly situated individuals,

    Plaintiffs,

v.

PATAGON DISTRIBUTION, INC; VINI PLUS, INC; JL INVESTMENT GROUP, LLC; JEJEMA, LLC; AYNA LLC.; CARNICERIA ARGENTINA LA ESTANCIA INC.; PATAGONIA SUNSET CORP; PATAGONIA NAHUEN HOLDINGS, LLC; LAM DISTRIBUTION LLC; PATAGONIA FUND, CORP; ASAADA CORP and ANDRES H. AMOROSI and MARIA I. AMOROSI,

    Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, MARTIN HUARTE ("Plaintiff") and other similarly situated individuals, sue the Defendants, PATAGON DISTRIBUTION, INC; VINI PLUS, INC; JL INVESTMENT GROUP, LLC; JEJEMA, LLC; AYNA LLC.; CARNICERIA ARGENTINA LA ESTANCIA INC.; PATAGONIA SUNSET CORP; PATAGONIA NAHUEN HOLDINGS, LLC; LAM DISTRIBUTION LLC; PATAGONIA FUND, CORP; ASAADA CORP and ANDRES H. AMOROSI and MARIA I. AMOROSI (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. PATAGON DISTRIBUTION, INC; VINI PLUS, INC; JL INVESTMENT GROUP, LLC; JEJEMA, LLC; AYNA LLC.; CARNICERIA ARGENTINA LA ESTANCIA INC.; PATAGONIA SUNSET CORP; PATAGONIA NAHUEN HOLDINGS, LLC; LAM DISTRIBUTION LLC; PATAGONIA FUND, CORP; ASAADA CORP (collectively, the "Corporate Defendants") and ANDRES H. AMOROSI and MARIA I. AMOROSI (collectively, the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

4. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise. Alternatively, each company is an enterprise under the Act.

5. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both

companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the Act.

**COUNT I: WAGE AND HOUR VIOLATION BY
PATAGON DISTRIBUTION, INC; VINI PLUS, INC; JL INVESTMENT GROUP,
LLC.; JEJEMA, LLC; AYNA LLC.; CARNICERIA ARGENTINA LA ESTANCIA
INC.; PATAGONIA SUNSET CORP; PATAGONIA NAHUEN HOLDINGS, LLC;
LAM DISTRIBUTION LLC; PATAGONIA FUND, CORP; ASAADA CORP
(OVERTIME)**

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207(a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendants were at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a wholesale bakery and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as an Assistant Baker for the Corporate Defendants' business.

10. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 65 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Specifically, Plaintiff would be paid by one company for 45 hours at the appropriate rates, then paid by another company for the remaining 20 hours at a lesser rate and without overtime compensation. Plaintiff was employed as an Assistant Baker performing the same or similar duties as that of those other similarly situated Assistant Bakers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

11. Plaintiff worked for the Corporate Defendants from approximately 01/01/2014 to 12/19/2015, however the violations occurred from the date of hire to approximately May of 2015. In total, Plaintiff worked approximately 72 compensable weeks under the Act in which overtime violations occurred.

12. The Corporate Defendants paid Plaintiff $14.50 per per hour for his first 40 hours per week. His first 5 hours of overtime each week were compensated at the appropriate amount of $21.75.

13. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 45 per week. For the additional hours beyond 45, Plaintiff was paid $12 per hour.

14. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

15. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

   a. **Actual Damages:** $14,040.00

      i. <u>Calculation</u>: ($21.75 - $12) x 20 hours x 72 weeks = $14,040.00

   b. **Liquidated Damages:** $14,040.00

   c. **Total Damages: $28,080.00** plus reasonable attorneys' fees and costs of suit.

16. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate

of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

17. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal law, to inform employees of their federal rights to overtime and minimum wage payments.

18. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

19. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY ANDRES H. AMOROSI and MARIA AMOROSI (OVERTIME)

20.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21.  At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers of the Corporate Defendants. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendants, were involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

22.  The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

23. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

24. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: 06/20/2016.

        Respectfully submitted,

        By:  /s/ Martin Saenz
        Martin Saenz, Esq.
        Fla. Bar No.: 0640166
        Email: msaenz@saenzanderson.com

Ed Rosenberg, Esquire
Fla. Bar No.: 88231
Email: ed@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549